IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GORDON CUMMINGS, #286663<br>　　　Plaintiff,<br>　　　v.<br><br>OFC. R. ROSARIO<br>OFC. BEARDSLEY<br>OFC. JOHNSON<br>　　　Defendants. | *<br><br>* CIVIL ACTION NO. CCB-10-2972<br><br>*<br><br>*<br><br>*** |

### **MEMORANDUM**

Pending is defendants' dispositive motion (ECF No. 8), which shall be treated as a motion for summary judgment. Plaintiff has responded and defendants have filed a reply. ECF Nos. 10 & 11. No hearing is needed to resolve the pending motion. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the Court will, by separate Order, GRANT defendants' motion for summary judgment.

**I.    Background**

On October 21, 2010, plaintiff filed this 42 U.S.C. § 1983 civil rights complaint for damages against three Montgomery County police officers seeking $500,000.00 in damages for an alleged false arrest. Plaintiff states that on July 10, 2008, he was a passenger in a vehicle that was pulled over and searched, resulting in the discovery of a plastic bag of crack cocaine. He claims that the officers violated his civil and due process rights and otherwise implies that the vehicle stop and subsequent search of the vehicle, driver, and passenger were racially motivated, as all actions were conducted without probable cause.

According to the statement of probable cause and affidavits presented by Officers Rosario and Beardsley, on July 10, 2008, at approximately 1:30 a.m., a red Toyota Tercel was observed going straight through the intersection of Garland and Domer Avenues in Silver Spring, Maryland

despite a clearly marked stop sign. Officer Rosario turned on his police cruiser lights and siren and initiated a traffic stop which was called in via police radio. Officer Beardsley, Rosario's beat partner, heard the call and responded to the traffic stop. Officer Peter Johnson also responded to the scene. Rosario Aff. ¶ 11, ECF No. 8. Rosario approached the driver, asked for license and registration, and identified the driver and owner of the vehicle as Ronnie Stewart. Plaintiff was the only other person in the vehicle and was sitting in the passenger seat. According to Rosario, plaintiff began to explain why he and Stewart were in the area. Rosario asked Stewart whether he had anything illegal on his person or in the vehicle. Stewart replied in the negative and Rosario asked for permission to search him and the vehicle. Stewart indicated that the search could proceed. At that juncture, Officer Beardsley asked plaintiff to step outside of the vehicle and sought permission to conduct a pat down for weapons. Plaintiff gave his permission and acknowledges that he emptied his pockets himself. ECF No. 1 at 3; ECF No. 10 at 8. Beardsley found a small plastic container, three cell phones, and two separate groupings of cash on plaintiff. Rosario Aff. ¶ 14 & Beardsley Aff. ¶ 12, ECF No. 8.

Rosario proceeded to search the car and found a plastic bag containing a white rock-like substance under the front passenger seat. Both Stewart and plaintiff expressed surprise and denied ownership of the property. Officer Johnson conducted a field test of the substance and determined it was crack cocaine. Stewart and plaintiff were arrested and transported to the Montgomery County Central Processing Unit. They were both charged with possession of a controlled dangerous substance, as well as CDS paraphernalia. Stewart was also cited for the failure to stop at a stop sign. Rosario states that on December 22, 2008, plaintiff went to trial before the District Court for Montgomery County. The state of Maryland nolle prossed both drug charges.

## II. Defendants' Motion for Summary Judgment

Fed. R. Civ. P. 56(c) states that:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 519 (4th Cir. 2003) (emphasis in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. *See Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994) (citing *Anderson,* 477 U.S. at 248). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." *Bouchat,* 346 F.3d at 522 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). If this showing is made, the burden then shifts to the non-moving party who must convince the court that a triable issue does exist. *Id.* A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denial of [his] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." *Id.* (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

Nonetheless, in considering the facts for the purposes of a summary judgment motion, the court will view the pleadings and material presented in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for defendants. *See Anderson,* 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper).

**III. Analysis**

Plaintiff claims that the vehicular stop, subsequent searches, and his arrest denied him due process and subjected him to false imprisonment. He asserts there was no probable cause for the vehicle stop and that the stop was racially motivated because "[a]s you can see, 'driving while black' still exist and we must put an end to this." Compl. at 4, ECF No. 1.

In order to succeed on his Fourth Amendment claim plaintiff must demonstrate that the traffic stop was improper. In conducting a traffic stop, the police must "have probable cause to believe that a traffic violation has occurred," *Whren v. United States*, 517 U.S. 806, 810 (1996), or a "reasonable suspicion supported by articulable facts that criminal activity may be afoot." *United States v. Sokolow*, 490 U.S. 1, 7 (1989). The officers' subjective intentions and motivations are irrelevant to the Fourth Amendment analysis. *See Whren*, 517 U.S. at 813; *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993). "[S]o long as the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense, the officer has probable cause to stop the driver." *United States v. Cashman*, 216 F.3d 582, 586 (7th Cir. 2000).

To summarize the proffered evidence in this case, on July 10, 2008, according to his

4

affidavit, Officer Rosario observed a red Toyota Tercel driven by Stewart go through an intersection with a clearly marked stop sign. This provided Rosario with probable cause to make a traffic stop. Accordingly, while the plaintiff may believe the stop was racially motivated, there is no evidence that Rosario stopped the vehicle for any reason other than the moving vehicle violation.[1] While the plaintiff asserted that the driver did in fact stop at all stop signs, he has provided no sworn affidavit or other evidence to support that assertion.

Plaintiff next appears to claim that his Fourth Amendment rights were violated when Rosario and Beardsley asked him and Stewart to exit the vehicle. This claim fails, for it is well-settled that "once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Pennsylvania v. Mimms,* 434 U.S. 106, 111 n. 6 (1977). This is so because an officer's decision to order suspects from the vehicle "is a valid precautionary measure designed to afford a degree of protection to the investigating officer." *United States v. Taylor,* 857 F.2d 210, 214 (4th Cir. 1988). Moreover, the "incremental intrusion" resulting from an officer's request that an individual exit the vehicle is *de minimis* when compared to the legitimate concerns about the officer's safety. *Mimms,* 434 U.S. at 108-111. The same bright line rule extends to the passengers of the vehicle. *See Maryland v. Wilson*, 519 U.S. 408, 410 (1997).

Once Stewart and plaintiff were out of the vehicle, they were both asked if they could be patted down and Stewart was asked if the Tercel could be searched. They consented to the searches.

---

[1] Plaintiff alleges here that the traffic stop was unreasonable because it was racially motivated. To succeed on his claim, plaintiff must show that Rosario acted with a discriminatory purpose or motive when he made the traffic stop. *See Middlebrooks v. Univ. of Md. at College Park*, 980 F. Supp. 824, 831 (D. Md. 1997). He has provided no facts in support of this claim.

5

No threats or coercion occurred. The searches conducted were therefore permissible under the Fourth Amendment. *See United States v. Watson*, 423 U.S. 411, 424-25 (1976). When Rosario proceeded to search the vehicle, he found a bag of crack cocaine.

While plaintiff alleges that the search of the vehicle and of himself and Stewart were not supported by probable cause, at no point does he dispute the fact that the searches were consensual. Stewart (the registered owner of the vehicle), not plaintiff, had the authority to consent to the search of the vehicle. Rosario obtained Stewart's voluntary consent and therefore the search of the vehicle was reasonable and not violative of plaintiff's Fourth Amendment rights. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973). Plaintiff's subsequent arrest on drug charges flowed from the traffic stop. The drug paraphernalia found on him and the drugs found under the passenger seat of the Tercel were legally seized.

For the reasons stated above, defendants' motion for summary judgment will be granted. A separate Order follows.

April 20, 2011                                               /s/
Date                                                      Catherine C. Blake
                                                           United States District Judge